Good morning, everyone. We're here today for oral arguments. We're going to begin with Appeal 23-1648, Continental Indemnity Company v. BII, Inc. et al. Mr. Ansbach, we'll begin with you. Good morning, Your Honors. My name is Kenneth Ansbach. I represent the Judgment Creditor, Continental Indemnity Company. Your Honors, the District Court had jurisdiction over the garnishment proceeding that was brought by Continental Indemnity to enforce its judgment, obtained against the judgment debtor, BII, Inc., on July 7, 2021. Mr. Ansbach, let me just start out by asking you to explain to us why we are having this debate at all. Since Judge Pallmeyer invited you simply to file a new complaint against Starr downstairs for, I think, a higher fee than filing for an appeal. I'm here, Your Honor, because the proceeding that we filed, the garnishment proceeding, is consistent with Seventh Circuit law on the subject. I understand you think you're right. I'm trying to understand the practical consequences of deciding this case either way. It looks like the difference between a circuit filing fee and a district filing fee, unless there's something I've overlooked. Well, we're not obligated to go back to square one and refile. Maybe, maybe not. The question is, why does it matter to you? I understand it's the principle of the thing in your mind. You think you were right. We'll talk about that, but before we get into all the doctrinal nuances of ancillary and supplemental jurisdiction, I'd like to understand why it's important. So you'd like to understand why we feel it's important to do this under the 5520 docket number rather than a new docket number. I think you already said why it's important. We feel it's important. That's all. We feel that we are right, that we were justified in bringing the garnishment action, that Judge proceed with that proceeding. Okay. You may continue. Okay. All right. It sounds like we're here over about $100. Is that right? I don't think so. I disagree. Okay, what's the difference? The difference is the principle of law. Okay, let's talk about principles of law. There are some kinds of federal jurisdiction that are mandatory, right? There are, I'm sorry, I didn't hear what you said. There are some kinds of federal jurisdiction that are mandatory. Yes. The district judge must exercise jurisdiction, right? Correct. Supplemental jurisdiction and ancillary jurisdiction have a long, they're two words for the same thing pretty much, but they have a long tradition of being discretionary. You may be right that the district judge could have exercised jurisdiction. What rule or precedent required her to exercise her jurisdiction to hear your complaint against Starr as part of this, part of the ancillary jurisdiction of your earlier case against BII? The Peacock decision of the United States Supreme Court. Says you must? It says the courts have jurisdiction. That's a different question. I'm not asking about the maximum scope of ancillary or supplemental jurisdiction. I'm asking about what makes this mandatory. Even Argento, your best case, talks about this as a discretionary matter. Your Honor, perhaps you're right. It is, perhaps it is discretionary, but all the precedent both in the Seventh Circuit and in the United States Supreme Court, including Kekkonen, would point in the direction of exercising that jurisdiction over this case. There's no, why should continental indemnity be singled out as not being able to exercise their rights under the law? Well, that assumes the conclusion. Is it a right or is it an opportunity to ask the district court to exercise its jurisdiction, like asking for a declaratory judgment? Well, even that, in that instance, asking for a declaratory judgment, I don't think gives the district court the right to just dismiss the declaratory judgment action because they don't feel like exercising jurisdiction. Well, because you don't feel like it is a straw man, but because there may be debatable questions about jurisdiction, might be a good reason to say, why don't you start in a new action where jurisdiction would be unquestionable? Well, because you absolutely, as a district judge, have discretion in these matters. Was that a question? It's a comment. Okay. And further invitation for you to explain to us why the district judge was required or why it was an abuse of discretion not to exercise that jurisdiction in your case. Well, okay, so that's a different issue. If you're saying it's discretionary and why was this an abuse of discretion? That's the pivotal issue here, yes. Okay. All right. And I say it was an abuse of discretion because all the precedent, you mentioned Argento, I mentioned Peacock, a number of other cases cited in my brief, including Green, which is directly on point, would, I think, require this court to say it was an abuse of discretion to dismiss the garnishment proceeding. Particularly Green, Judge Pallmeyer said that a garnishment proceeding, which is brought to determine coverage under an insurance policy, necessarily introduces so many new issues that it is functionally a separate case under the Yang decision. Certainly it could be removed separately from a state court, right? Yes. Okay. Yes. And the Green case was just such a garnishment proceeding brought against an insurance company to determine rights under an insurance contract. Did anybody question the exercise of supplemental jurisdiction there? No. However, however, this court quoted the identical language from Yang that Judge Pallmeyer quoted as the basis for her declining to exercise jurisdiction, the language that I just repeated. And this court quoted that language and then proceeded to affirm the district court's exercise of its ancillary jurisdiction over that garnishment proceeding to decide that there wasn't coverage under the policy. No material facts from the underlying proceeding overlap the insurance contract dispute. Given that gap, isn't it within Judge Pallmeyer's discretion to do what she did? I don't see how the one thing has anything to do with the other. Just because there were no facts from the underlying proceeding that overlap this garnishment proceeding doesn't mean that Judge Pallmeyer was justified in dismissing it. In almost every garnishment proceeding against an insurance company, there wouldn't be any underlying facts that overlap. Well, there's something that tethers the two actions. The debt itself is attempted to be attached to an asset. Here, the tethering is two or three steps down the line, hence her decision. And obviously, given the discretionary nature of the decision, we're trying to determine was she beyond the pale by making that. And we're looking to you for what reason you're offering as to why it was an abuse of her discretion. Well, it was, number one, an abuse of discretion because Judge Lee already found there was jurisdiction in this case. You're relying on the conditional judgment? I am. Which was ex parte, no appearance from the other side, no addressing of the jurisdictional questions? That is absolutely correct, Your Honor. I am relying on that because this court has said that a default judgment reaches the merits and that one cannot reach the merits without exercising jurisdiction. Mr. Anspach, can I ask you a question? I want to go back to Judge Hamilton's questions at the beginning because I want to make sure that I totally understand this. And I asked you a question about strategy, but there's no statute. Here's the way I view it, okay? If you were to go downstairs right from here and file a diversity jurisdiction action, there would be no question that the district court would have diversity jurisdiction. You'd file your complaint. I assume the defendant would file an answer almost immediately and move for summary judgment right away because their position on the merits is that they would want a decision on the merits quickly, which is also what you want. Judge Pallmeyer may decide the summary judgment motion before we issue an opinion in this case, which would send it back to the district court to begin district court proceedings. And I just want to make sure that is there a statute of limitations problem? And if you don't want to tell me, maybe there's a strategy problem that you don't want to tell me about, you can just tell me. I don't want to tell you. But is there a legal impediment to you filing an action in the district court under which clearly the district court would have diversity jurisdiction? If it's strategy, you don't have to tell me. I'm not aware of a limitations issue that would apply. On the other hand, I would say this. Summary judgment motions were already pending before Judge Pallmeyer. I know. So they just package them and refile them. That's what I'm saying. You've asked interrogatories. You've taken discovery. It seems to me like there's really nothing to do in the district court except a complaint and an answer. That would be new. Well, I disagree with that because the discovery that was done in the case below involving Starr was simply Starr's answers to garnishment interrogatories, which contained admissions, which contained judicial admissions, which would not apply in a refiled diversity jurisdiction case. Why not? I'm not sure about that. Well, it's a different proceeding. A judicial admission would only apply in the first proceeding. If they change their admissions, there'd be pretty strong impeachment, wouldn't there? Probably. Would you like to reserve the remainder of your time for rebuttal? Yes. Thank you. Thank you, Mr. Ansbach. Ms. Dixon, we'll now move to you for argument on behalf of the appellee. Good morning, Your Honors, and may it please the court. My name is Karen Dixon, and I represent Starr Indemnity and Liability Company, which is a garnishee appellee in this matter. Starr requests that this court affirm the judgment of the district court dismissing the garnishment proceeding against Starr for lack of subject matter jurisdiction and vacating not a default judgment. It was a conditional judgment against Starr for two reasons. First, the district court had the unquestionable ability to address subject matter jurisdiction at any time under Rule 12H3 and a wealth of precedent of this court as well as the Supreme Court, as well as the ability under Illinois law to vacate a conditional judgment which had been entered against Starr because it had failed to appear because the garnishment citation was put in the mail to New York City during COVID and they did not get it in sufficient time. Second, the district court correctly determined that subject matter jurisdiction was lacking over Starr in the dispute over whether or not the Starr policy provided coverage for the underlying Lumpkins injury because it was a functionally new lawsuit with distinct and disputed issues outside the scope of this court's ancillary jurisdiction under Rule 69. Why is there not diversity jurisdiction here? If a complaint were filed by CNI against Starr, there would be diversity jurisdiction. Why does there have to be a complaint? Where does Rule 69 say anything about not only ancillary jurisdiction? I just don't read it in the rule and I think we have cases. There was a case called Kelly v. Stevanovich from 2002. I'm sorry, 2022 where we write, to enforce the judgment, the trustee turned to Stevanovich. He's an Illinois resident and filed a post-judgment supplemental proceeding in the Northern District of Illinois, which was under Rule 69. And then we go on under the court's diversity jurisdiction. But that cannot substitute within the context of ancillary jurisdiction. This court held in Travelers v. Good. It involved a similar proceeding in which there was a citation to discover assets in an underlying Illinois case. What happened in that case, similar, there was a tort action. They served a citation against the insurance company. And the insurance company removed the action to the federal district court and said it is a functionally new lawsuit. We have parties and issues that were not at issue in the tort action. And this is a functionally separate case. This court agreed that when a garnishment action brings in a new party and raises new and disputed issues, the proceeding is not a substantially continuation of the suit. And therefore, it falls outside the scope of Rule 69 and ancillary jurisdiction. Now, that court had found that subject matter or that diversity jurisdiction was lacking because the amount in controversy could not be met. And in fact, this court commented that the court need not bend over backwards to construct alternative theories to persuade itself that subject matter jurisdiction exists. So Judge Pallmeyer, when she was reassigned the case from Judge Lee, we had objected at the time after the Rule 69 does allow the discovery of assets. And we don't contest that. We responded to the citation. We provided answers saying the STAR policy simply does not apply here. In fact, STAR never received notice from its policyholder of any of the three proceeding actions. The reason I ask that question is it seems to me that STAR is in a position where it would like a quick ruling to end the litigation. Because your position is very simple, that your policy at the time of the accident does not cover the injuries, period. I mean, so it seems to me that both parties would benefit from a ruling on the merits. And they're not going to get one here, no matter what happens. You know, no matter what happens, it seems to me like this is going back to the district court, either under a new complaint or a remand in this case. I go back to Judge Hamilton. I'm just not sure what we're doing here. I agree, Your Honor. And when we received the March 1st, 2023 ruling from Judge Pallmeyer... But my question is a little different to you because why are... I guess legally, how do you benefit from forcing them to file a new complaint? If the district court has diversity jurisdiction, why can't the district court just exercise its diversity jurisdiction in the supplemental proceeding under Rule 39 and end it on the merits? Which is kind of the reason for Rule 69. Because this court has said Rule 69, as an ancillary proceeding, that exceeds the scope of what was at issue in the main action. I agree. We expected a complaint to be filed. Therefore, there's no question about subject matter jurisdiction. And, in fact, Judge Pallmeyer invited my opponent to tag the case, make it related. But there has to be subject matter jurisdiction. Are you saying she could not have exercised jurisdiction over this? We believe that the Seventh Circuit has expressed that when there is a functionally new lawsuit with new parties and new and distinct legal issues, that falls outside the scope of ancillary jurisdiction. Do you find that as a bright line rule in Travelers Against Good? It is in Yang v. City of Chicago. So Travelers v. Good went on, recognized that there are limitations with Rule 69, but recognized that the insurance coverage dispute that can arise, not in a tort case, is a functionally new suit. Well, it can be. Yes. It does not necessarily. I mean, there are plenty of Illinois cases that use proceedings to execute, garnishment proceedings to resolve coverage issues, right? If there's no objection. And my opponent cited Green v. Westfield Insurance Company, a decision of the Seventh Circuit. But in that case, the insurance company was made a third-party defendant. Would you agree that at least the right category for approaching this is under 28 U.S.C. 1367, scope of supplemental jurisdiction? In Rule 69, yes. Rule 69 cannot expand jurisdiction, right? Correct. And the issue here is that Rule 69, the execution, is entitled execution. The point of a garnishment proceeding is supposed to be an attachment of the turnover, a bank account turnover of wages. It's clear that that is the most common. Correct. And the easiest way to use a garnishment proceeding. But there also are cases authorizing its use to resolve disputed coverage issues, right? It can happen. It has happened, but we object to it happening here. And we expected, after the district court made its correct determination that it had an independent obligation, and it could at any time under Rule 12H.3 find and determine whether it had an independent obligation to assess subject matter jurisdiction. The district court correctly concluded that it did not and invited my opponent to file the lawsuit and tag it as related to this case. That is what we expected to happen, but it did not. We've been on this appeal for 11 months now. The citation proceeding started in August of 2021. For two and a half years, we have been in a supplemental proceeding in an action that had nothing to do with the dispute over the STAR policy. So your position is not that Judge Pallmeyer had to do what she did, but she had the discretion to do what she did? Correct. And she had the obligation to question whether she had subject matter jurisdiction. And she did so, and she was correct in her determination that this succeeded under this court's instruction in Yang as well as Wilson, Travelers v. Good, that when a dispute involves a new party and a completely unfactually connected dispute, that the proper procedure is to have a separate action in which there's no question that there is subject matter jurisdiction. The rubber meets the road. I got to say, the stakes here seem trivial as between these two parties. Agreed. But what we've got to do is make sure that we don't mess up the law for a party in your situation where diversity is not present, where you want to stay, where a party like you wants to stay in state court or be sued in state court, if at all. And whether that's a bright line mandatory rule or a discretionary rule is something that we need to think about. And the problem here, Your Honor, is that in parlance, declaratory judgment insurance coverage actions are routinely litigated in state court, in federal court. They are separate and apart from the underlying tort suit. If there is lines we draw, this could allow litigants to simply invoke the coverage action in the underlying suit by way of third party complaint, by way of supplemental proceedings and have a lawsuit following a lawsuit that the district courts simply do not need. And we ask that this court consider, when it draws geographical boundaries, if we still have to get back to subject matter jurisdiction. There's also the challenge, if you're a district judge, of trying to get a case settled if you can't get the insurance company in, right? But Illinois is not a direct action state. So especially here where STAR never received notice or a tender of the claim from its policyholder, because the policyholder in one of the three underlying proceedings, actually two of the three had admitted, it was uninsured at the time of Mr. Lumpkin's fall. That to invoke, to allow a coverage action to just simply be a supplementary proceeding would exceed the ancillary jurisdiction of the court. So we ask that this court affirm the district court's determination of the lack of subject matter jurisdiction over the coverage dispute involving STAR and that the district court correctly determined she lacked subject matter jurisdiction, she did not need to exercise it, and she properly vacated the conditional judgment, which was not a default judgment, a conditional judgment. Ms. Dixon, let me ask you a variant on the proceedings here. Suppose that BII had appeared and had simply pled a third-party claim for coverage against STAR within the underlying district court case. Would there be a problem with that? If BII, which was diverse from STAR, it is possible... It's diverse from CNI. Correct. And if the district court exercised supplementary or discretionary jurisdiction over the third-party claim, that could have happened, but it typically does not happen within the tort action itself. A separate coverage action is filed. But it could. It could. And in Green v. Westfield, Green was pleaded as a citation respondent, but a third-party complaint was eventually filed, making them an actual party to the lawsuit. And here, STAR doesn't have a complaint against us. We don't know what the theory of recovery is, but we understand. They say the policy applies, and we disagree. But are they going to allege breach of contract? Are they going to allege declaratory judgment? They're alleging there's a duty to defend, even though STAR's policyholder never asked them to defend, sought coverage elsewhere, and was unsuccessful. And those are important to determining. It's not just, hey, here's an insurance policy. Does it apply? There have to be legal theories of recovery, and that is another reason why it's important to have a complaint identifying the parties as well as the causes of action and not simply saying, does the policy apply or not, because there are legions of insurance coverage decisions of what I've done for 27 years. They are their separate lawsuits. Thank you, Ms. Dixon. Thank you. Mr. Ansbach, we'll go back to you now for rebuttal. Your Honor, esteemed counsel for STAR, several times in this oral argument and in her brief, said that in Green, the insurance company was sued as a third-party defendant in the underlying action. That is simply a complete mischaracterization of the Green case. In Green, the insurance company was a garnishee defendant exactly in the same position as STAR here. The words third-party or third-party defendant never once appear in that decision. They were not a third-party defendant. The Westfield Insurance Company was a garnishee defendant, the same as STAR is here. That's number one. Number two, why is it an abuse of discretion for Judge Pallmeyer to have dismissed our garnishment proceeding against STAR? I did not find a single United States Supreme Court decision or a single Seventh Circuit decision which held that a garnishment proceeding to enforce a judgment in the district court against an insurance company was not the subject of ancillary jurisdiction. That ancillary jurisdiction could not be exercised in that situation. What do you do with the Erickson case in Illinois, where you have the Illinois court saying that the garnishment proceeding could not be used, the court did not have jurisdiction to adjudicate the validity of the indemnity agreement between the parties in that case? It was an indemnity agreement. What else is an insurance policy? Pardon? What else is a liability insurance policy, sometimes, anyway? Okay. I don't remember the facts in Erickson. Okay. Yeah. Okay, thank you. Thank you very much, Mr. Ansbach. Thank you very much, Ms. Dixon. The case will be taken under advisement.